IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RYAN WILLIAM ROBERTS,

    Plaintiff,

    v.

THE UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS,

    Defendant.

Case No. 20-CV-01358-JAR-KGG

## MEMORANDUM AND ORDER

Plaintiff Ryan Roberts brings this action against Defendant, the United States Department of Veterans Affairs (the "VA" or "Defendant"), asking this Court to answer, clarify, or rule on a number of questions stated in his Complaint. This matter is before the Court on Defendant's Motion to Dismiss Complaint Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. 6). The VA argues that this Court lacks subject matter jurisdiction because Plaintiff fails to present a justiciable claim and to satisfy the constitutional minimum requirements of standing necessary to bring suit. The motion is fully briefed, and the Court is prepared to rule. For the reasons explained below, the Court grants the motion to dismiss.

**I.    Legal Standard**

Federal courts are courts of limited jurisdiction and, as such, there is a strong presumption against federal jurisdiction.[1]  A court lacking jurisdiction "must dismiss the cause at

---

[1] *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)); *see also United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1." (citations omitted)).

any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[2]  The burden of establishing a federal court's subject matter jurisdiction falls on the plaintiff.[3]  Mere conclusory allegations of jurisdiction are insufficient.[4]

Generally, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack.  "First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint.  In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true."[5]

> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.  When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations.  A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).[6]

In considering "a factual attack under Rule 12(b)(1), a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 [summary judgment] motion."[7]

Here, Defendant presents a factual attack on subject matter jurisdiction by attaching documents from outside the pleadings in this case, specifically, Plaintiff's complaint in a prior lawsuit filed in the United States District Court for the Western District of Missouri, that court's

---

[2] *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015) (quoting *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013)).

[3] *Id.* at 1151 (citing *Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 770 F.3d 944, 947 (10th Cir. 2014)).

[4] *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999) (citing *Penteco Corp.*, 929 F.2d at 1521).

[5] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

[6] *Id.* at 1003 (citations omitted); *see also Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).

[7] *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (citing *Holt*, 46 F.3d at 1003).

order dismissing Plaintiff's prior case, and documents pertaining to Plaintiff's employment and termination by the VA.  The Court takes judicial notice of court documents from Plaintiff's prior lawsuit pertaining to his termination,[8] but need not and does not consider the remaining documents offered by Defendant, to which Plaintiff objects, in reaching its decision in this case.

Because Plaintiff proceeds *pro se*, some additional considerations frame the Court's analysis.  The Court must construe Plaintiff's pleadings liberally and apply a less stringent standard than that which applies to attorneys.[9]  "Nevertheless, [Plaintiff] bears 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'"[10]  The Court may not provide "additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[11]  Additionally, a *pro se* litigant is not excused from complying with the rules of the court and is subject to the consequences of noncompliance.[12]

Finally, Defendant also moves to dismiss Plaintiff's claims for failure to state a claim on which relief can be granted under Rule 12(b)(6).  Because the Court finds below that Plaintiff fails to assert a justiciable claim and lacks standing to sue—and that this Court therefore lacks subject matter jurisdiction—it does not reach Defendant's Rule 12(b)(6) arguments.

**II.     Factual and Procedural Background**

Plaintiff was hired to work as a nurse anesthetist at the Robert J. Dole VA Medical Center ("Dole VAMC") in Wichita, Kansas, subject to his completion of a probationary period.

---

[8] *See* Fed. R. Evid. 201; *Driskell v. Thompson*, 971 F. Supp. 2d 1050, 1057 n.8 (D. Colo. 2013) ("[T]he Court may consider outside documents subject to judicial notice, including court documents and matters of public record." (citing *Tal v. Hogan,* 453 F.3d 1244, 1265 n.24 (10th Cir. 2006))).

[9] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (citation omitted).

[10] *Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[11] *Whitney*, 113 F.3d at 1173–74 (citing *Hall*, 935 F.2d at 1110).

[12] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

At some point, Plaintiff began to have concerns about patient safety due to the conduct of his supervisor, the Chief of Anesthesia, Dr. Rajeeva Bashyakarla.  Plaintiff filed a "Duty to Report" on Dr. Bashyakarla in March 2019, and emailed the Dole VAMC Medical Facility Director, Ricky Ament, about his concerns in September 2019.  Mr. Ament told Plaintiff that he was aware of and was addressing Plaintiff's concerns.

On October 22, 2019, the Dole VAMC Chief of Staff, Dr. Robert Cummings, approved the decision to terminate Plaintiff's probationary employment based on issues of "professional conduct or competence," and Plaintiff was notified that he would be terminated on the same date.  A charge relating to "professional conduct or competence" is limited to issues pertaining to direct patient care or clinical competence.  Plaintiff was not afforded an opportunity to respond to any allegations against him before Dr. Cummings approved his termination.  Plaintiff filed a grievance regarding the VA's decision to terminate him with the Office of Special Counsel in November 2019.

On January 17, 2020, Plaintiff sent an email regarding his patient safety concerns directly to the members of Dole VAMC's senior leadership.  Plaintiff did so because Mr. Ament refused to discuss his concerns directly.

Plaintiff was informed on January 24, 2020 that an internal Summary Review Board ("SRB") was to convene on February 3, 2020, to review his employment and make recommendations concerning his retention by or separation from the VA.  The charge before the SRB was "professional competence and conduct," yet the allegations before the SRB did not relate to patient care; rather, they focused on Plaintiff's behavior and interactions with other staff members.

Plaintiff was required to turn in his written defense and any evidence by January 29, 2020. However, the SRB members did not review his written defense. Although Plaintiff testified before the SRB, he was denied the opportunity to present oral argument. The SRB recommended that the VA not retain Plaintiff, and Mr. Ament signed Plaintiff's termination letter in February 2020. One of the reasons given for Plaintiff's termination was that he was "jumping the chain of command" in reporting safety issues and violations of VA policies to senior leadership.

Plaintiff appealed his termination by filing a complaint with the Merit Systems Protection Board in February 2020, and that proceeding appears to be ongoing. Plaintiff also filed a lawsuit against the VA and certain of its staff in the Western District of Missouri on February 4, 2020, in which he alleged that the procedures and criteria the VA followed in terminating his employment violated federal laws and regulations.[13] Plaintiff sought an injunction to cease the SRB process, reinstatement, and other relief in the form of certain findings and court directives to the VA.[14] On December 2, 2020, the judge in that case granted the VA's motion to dismiss with prejudice, finding that Plaintiff's request for an injunction was moot because the SRB process had already concluded, that his claim for reinstatement was foreclosed from judicial review by his probationary status, and that Plaintiff lacked standing to pursue agency-wide injunctive relief.[15]

Plaintiff filed this action approximately three weeks after the dismissal of his case in the Western District of Missouri. The only relief Plaintiff seeks in this matter is that the Court answer six questions he poses in his Complaint. Briefly, Plaintiff would like the Court to clarify:

---

[13] Doc. 7-2, Complaint, *Roberts v. Dep't of Veterans Affairs*, No. 4:20-cv-00076-CV-RK (W.D. Mo. Feb. 4, 2020).

[14] *Id.* at 18.

[15] Doc. 7-3 at 5–8, Order Granting the Motion to Dismiss, *Roberts v. Dep't of Veterans Affairs*, No. 4:20-cv-00076-CV-RK (W.D. Mo. Dec. 2, 2020).

(1) whether federal agencies such as the VA are required to adhere to certain federal statutes and regulations when terminating probationary employees; (2) whether probationary employees are excluded from statutory protections for whistleblowers; (3) the federal definition of the term "decision to terminate," and when the VA officially made that decision with respect to his employment; (4) whether, under federal law, an SRB is required to allow an employee a certain amount of time to collect evidence and witness statements and to present his defense to the SRB both orally and in writing, and whether the SRB must turn over all evidence used to support allegations against the employee; (5) whether the "deciding official" for the VA must follow certain statutes and regulations when terminating an employee at the recommendation of an SRB; and (6) the legal difference between the terms "professional conduct or competence" and "professional competency and conduct."[16]  Plaintiff expressly states that he is not seeking monetary damages, and he brings no claim for injunctive relief.  Rather, he contends that if the Court were to answer his questions, "those answers [would] have a direct impact on current litigation and future issues within the Department of Veterans Affairs and other Federal Agencies."[17]

**III.    Discussion**

The Court lacks subject matter jurisdiction to hear this case.  Article III of the Constitution gives federal courts the power to exercise jurisdiction only over "Cases" and "Controversies."  In determining whether a case or controversy exists, courts may "speak in terms of 'justiciability,' 'standing,' or 'ripeness,' [but] they all are asking the same question:

---

[16] Doc. 1 at 2−3.
[17] *Id.* at 9.

does a case or controversy exist?"[18]  The Court finds that Plaintiff fails to present a justiciable claim and lacks standing.

First, as to justiciability, although the Declaratory Judgment Act (which Plaintiff does not expressly invoke) allows a court to "declare the rights and other legal relations of any interested party seeking such declaration,"[19] "[i]t is fundamental that federal courts do not render advisory opinions and that they are limited to deciding issues in actual cases and controversies."[20] Although a "declaration of rights . . . need not include injunctive or monetary relief,"[21] the Supreme Court requires that

> the dispute be "definite and concrete, touching the legal relations of parties having adverse legal interests"; and that it be "real and substantial" and "admi[t] of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."[22]

In this case, although Plaintiff makes many allegations regarding the termination of his employment, he explains that he brings suit to "provide clarity to questions that are currently being debated at multiple levels and areas within the Federal Government and Merit System Protection Board."[23]  Elsewhere, Plaintiff explains that his claim "is only directed at addressing questions that are currently being answered in vague and confusing language by the Department of Veterans Affairs and the Office of General Counsel on behalf of the Department of Veterans

---

[18] *In re Martino*, No. 11-31115 MER, 2012 WL 1439091, at * 3 (Bankr. D. Colo. Apr. 26, 2012) (quoting *Mlincek v. United States*, 350 B.R. 764, 767−68 (Bankr. N.D. Ohio 2006)).

[19] 28 U.S.C. § 2201(a).

[20] *Yeager v. Nat'l Pub. Radio*, No. 18-4019-SAC-GEB, 2019 WL 8272463, at *1 (D. Kan. Feb. 15, 2019) (quoting *Norvell v. Sangre de Cristo Dev. Co., Inc*., 519 F.2d 370, 375 (10th Cir. 1975)); *see Columbian Fin. Corp. v. BancInsure, Inc*., 650 F.3d 1372, 1376 (10th Cir. 2011) ("Article III has long been interpreted as forbidding federal courts from rendering advisory opinions." (citing *Flast v. Cohen*, 392 U.S. 83, 96 (1968))).

[21] *Kunkel v. Cont'l Cas. Co*., 866 F.2d 1269, 1274 (10th Cir. 1989) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937)).

[22] *MedImmune, Inc. v. Genentech*, 549 U.S. 118, 127 (2007) (quoting *Aetna Life Ins. Co.*, 300 U.S. at 240−41).

[23] Doc. 1 at 9.

Affairs."[24]  However, "[i]t is well established that what makes a declaratory judgment action a proper resolution of a case or controversy rather than an advisory opinion is the settling of some dispute which affects the behavior of the defendant toward the Plaintiff."[25]  Plaintiff fails to show how a decision in this case would affect the rights of the parties.  To the extent that Plaintiff seeks some sort of relief from this Court regarding the propriety of his hearing before the SRB and his resulting termination, the Court agrees with the Western District of Missouri's conclusion that such claims are moot because that process has concluded.[26]  Otherwise, Plaintiff's questions regarding the general meaning and application of federal statutes and regulations seek an advisory opinion rather than presenting a justiciable case or controversy, and this Court therefore lacks jurisdiction.[27]

Further, another of the several doctrines reflecting Article III's case-or-controversy limitation on judicial power is the doctrine of standing.[28]  That doctrine requires federal courts, before considering the merits of an action, to "satisfy themselves that 'the plaintiff has "alleged such a personal stake in the outcome of the controversy" as to warrant *his* invocation of federal-court jurisdiction.'"[29]  To establish Article III standing, a plaintiff must show: (1) injury in fact,

---

[24] *Id.*

[25] *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109−10 (10th Cir. 2010) (alteration in original) (citation omitted); *see also Jordan v. Sosa*, 654 F.3d 1012, 1025−26 (10th Cir. 2011) (collecting cases).

[26] *See* Doc. 7-3 at 5.

[27] *See, e.g., Goico v. U.S. Gov't*, No. 20-1025-JWB, 2020 WL 1952536, at *1 (D. Kan. Apr. 23, 2020) ("Plaintiff is clearly seeking legal advice from the court as to whether certain actions by states and/or the federal government [are] constitutional.  This is not a proper function as it would be an advisory opinion." (citing *Cotner v. Knight*, No. 95-6105, 1995 WL 441408, at *3 (10th Cir. July 21, 1995))); *Demos v. Washington*, No. 09-3277-RDR, 2010 WL 465975, at *1 (D. Kan. Feb. 4, 2010) (declining to issue advisory opinion regarding a perceived conflict in federal court decisions).

[28] *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).

[29] *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975)).

(2) causation, and (3) redressability.[30] To establish the first element, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"[31] "[T]he injury must affect the plaintiff in a personal and individual way."[32] "The 'injury in fact' requirement is satisfied differently depending on whether the plaintiff seeks prospective or retrospective relief."[33] "To seek prospective relief, the plaintiff must be suffering a continuing injury or be under a real and immediate threat of being injured in the future."[34] As to the second element of standing, "there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.'"[35] Finally, as to the third element, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'"[36] At the pleading stage, the plaintiff "must 'clearly . . . allege facts demonstrating' each element" of standing.[37]

Defendant argues, and the Court agrees, that Plaintiff fails to establish standing. Focusing in particular on the first and third elements, Plaintiff does not allege facts showing an actual or imminent injury in this case, or that it is likely, rather than speculative, that such injury would be redressed by a decision in his favor. Plaintiff recounts the events and circumstances

---

[30] *Lujan* v. *Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (citations omitted).

[31] *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (quoting *Lujan*, 504 U.S. at 560).

[32] *Lujan*, 504 U.S. at 560 n.1.

[33] *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004) (citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 101–02, 105 (1983)).

[34] *Id*. (citing *Lyons,* 461 U.S. at 101−02, 107 n.8).

[35] *Lujan*, 504 U.S. at 560 (alteration in original) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976)).

[36] *Id*. at 561 (quoting *Simon*, 426 U.S. at 38, 43).

[37] *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (ellipses in original) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

leading up to his termination merely as "FACTS and background information that [has] resulted in the . . . questions being asked," and requests only that the Court "provide clarity" in response to his legal questions.[38]  The Court finds these allegations insufficient to establish actual or imminent injury and redressability.  Finally, although Plaintiff contends that the VA is "still utilizing similar actions taken against [him] on other employees," including at the Dole VAMC, and that the Court's answers to his questions would "have a direct impact on current litigation and future issues within the Department of Veterans Affairs and other Federal Agencies,"[39] he lacks standing here to assert claims on behalf of others.[40]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss Complaint Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. 6) is **granted**, and this case is **dismissed without prejudice** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: April 15, 2021

                                        S/ Julie A. Robinson
                                        JULIE A. ROBINSON
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[38] Doc. 1 at 3, 10; *see also* Doc. 8 at 7 (stating that Plaintiff is "seeking legal clarity on interpretation and application of federal employment law pertaining to conduct undertaken by the Department of Veterans Affairs").

[39] *Id.* at 9.

[40] *See, e.g.*, *Hollingsworth v. Perry*, 570 U.S. 693, 708 (2013) ("It is . . . a 'fundamental restriction on our authority' that '[i]n the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interest of third parties.'" (alteration in original) (quoting *Powers v. Ohio*, 499 U.S. 400, 410 (1991))); *Citizens' Comm. to Save our Canyons v. U.S. Forest Serv.*, 297 F.3d 1012, 1026 (10th Cir. 2002) ("[E]ven a plaintiff who meets the constitutional requirements for standing must also assert 'its own rights, rather than those belonging to third parties.'" (quoting *Sac & Fox Nation v. Pierce*, 213 F.3d 566, 573 (10th Cir. 2000))); *Jones v. Lujan*, No. 91-6234, 1992 WL 43489, at *3 (10th Cir. Feb. 28, 1992) ("Plaintiffs must assert their own rights and cannot rest their claims on the rights of others." (citing *Franchise Tax Bd. v. Alcan Aluminum Ltd.*, 110 S. Ct. 661, 665 (1990))).